Margarit KAHACHATRYAN; et al., Petitioners,

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–72172.**

United States Court of Appeals, Ninth Circuit.

Submitted on Sept. 24, 2007 \*\*.

Filed Sept. 28, 2007.

Alexander Morales, Esq., Boghosian Morales & Carrillo, Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Siu P. Wong, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Margarit Kahachatryan, her husband, Gevorg Nersesyan, and children, Lilit Ner-

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sesyan, Sona Nersesyan, and Varuzhan Nersesyan, all natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their appeal from an Immigration Judge's denial of their application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's denial of petitioners' asylum claim. The record does not compel the conclusion that any harm Kahachatryan suffered was on account of a political opinion, rather than as a result of the criminal actions of a few maverick government officials. *See Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000) (stating that the "salient question" is whether the petitioner's opposition to corruption was "directed toward a governing institution, or only against individuals whose corruption was aberrational"). Accordingly, petitioners' asylum claim is denied.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004).

Petitioners failed to establish a CAT claim because they did not show that it was more likely than not that they would be tortured if they returned to Armenia.

*See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

## PETITION FOR REVIEW DENIED.